UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAN QUINONES; ALEXANDRA LEGY, a Minor by and through her Guardian Ad Litem ROSA ALICIA CABRERA,<br><br>Plaintiffs,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, ZURICH NORTH AMERICA; ESIS, INC.; ESIS WOODLAND HILLS WC; DOES ADJUSTER(S) OTHER LEGAL HEIRS OF LIZZETH CABRERA, Deceased; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.: 18cv467-GPC(MDD)<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION SEEKING LEAVE TO BELATEDLY FILE PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60** |

Plaintiffs filed an ex parte motion for leave to file a belatedly filed first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(1) due to a mistake and honest belief by counsel that the first amended complaint had been timely filed with the Court based on clerical error. (Dkt. No. 27.) Defendant Esis, Inc. filed an opposition arguing the legal basis of Plaintiffs' argument is without merit, and the proposed first amended complaint fails to correct the deficiencies the Court noted in its

order on Defendant's motion to dismiss; therefore, the proposed amendment is futile and would be subject to dismissal based on the Court's prior order on Defendant's motion to dismiss. (Dkt. No. 29.)

The Court agrees with Defendant that Rule 6(b)(1)(B) applies to the relief sought by Plaintiffs, and not Rule 60(b). See Fed. R. Civ. P. 6(b)(1)(B); (b)(2).

Rule 6(b)(1)(B) provides that when an act must be done within a specified time, the "court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The district court has discretion to determine whether a party's failure to act was excusable neglect. Pincay v. Andrews, 389 F.3d 853, 858 (9th Cir. 2004).

Under Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), in determining whether a party's neglect was excusable, a court must examine "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Mendez v. Knowles, 556 F.3d 757, 765 (9th Cir. 2009) (applying the Pioneer Investment test).

Neither party has addressed these factors. Based on the Court's review of the history of this case, the Court concludes that Defendant will not be prejudiced by the filing of the Court ordered filing of the FAC that was filed as an attachment to the ex parte motion five days past the deadline. Next, five days is a brief delay and will not impact the proceedings. As to factors three and four, the Court looks to Plaintiffs' counsel's declaration. (Dkt. No. 27-2, Licata Decl.) Licata states she completed drafting the FAC on July 2, 2018, four days before the due date and provided it to the legal secretary for filing and service. (Id. ¶ 6.) On July 9, 2018, defense counsel advised that he had not received the FAC. (Id. ¶ 7.) Licata investigated and learned that due to her mistake, she must have accidentally misplaced the document, and in fact, did not give the document to her legal secretary for filing and service. (Id. ¶ 8.) She states this is the first

2

deadline she has ever missed in state or federal court, that it was an "honest mistake" and apologizes for her mistake and any inconvenience. (Id. ¶ 9.) Based on Plaintiffs' counsels' declaration, the Court concludes that while the reason for the delay was within counsel's control, her conduct was in good faith.

After reviewing the Pioneer factors, the Court exercises its discretion and GRANTS Plaintiffs' ex parte application seeking leave to belatedly file Plaintiffs' First Amended Complaint. Plaintiffs shall file the First Amended Complaint within 2 days of the filed date of this Order.

IT IS SO ORDERED.

Dated: July 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge